```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZOLTAN HIRSCH,                                      :
                                                    :
                        Plaintiff,                  :
                                                    :
        - against -                                 :         ORDER
                                                    :
KLMNI, INC. d/b/a YELLOW RAT                        :         10 Civ. 4851 (SAS)
BASTARD, and YRB NYC, INC. d/b/a                    :
YELLOW RAT BASTARD, and                             :
483 BROADWAY REALTY CORP. and                       :
C&A 483 BROADWAY, LLC                               :
                                                    :
                        Defendants.                 :
------------------------------------------------------------X
                                                    :
483 BROADWAY REALTY CORP.,                          :
                                                    :
                Third-Party Plaintiff,              :
                                                    :
        - against -                                 :
                                                    :
KLMNI, Inc., and                                    :
C&A 483 BROADWAY, LLC                               :
                                                    :
                Third-Party Defendants.             :
                                                    :
------------------------------------------------------------X
```

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Zoltan Hirsch brought suit against KLMNI, Inc. d/b/a Yellow Rat Bastard ("KLMNI"), YRB NYC, Inc. d/b/a Yellow Rat Bastard ("YRB"), 483 Broadway Realty Corp. ("483 Broadway"), and C&A 483 Broadway, LLC

1

("C&A") (collectively, "Defendants"), alleging violations of the Americans with Disabilities Act[1] and the New York City Human Rights Law.[2] Defendants each asserted cross-claims against each other.[3] In addition, 483 Broadway commenced a third-party action against KLMNI and C&A,[4] and third-party defendants asserted counterclaims against 483 Broadway and cross-claims against each other.[5]

Through a series of negotiated settlements, Hirsch consented to the voluntary dismissal of his claims against each defendant with prejudice.[6] Additionally, KLMNI, YRB and 483 Broadway stipulated to the voluntary dismissal of their claims against C&A in the main action with prejudice, and in the

---

[1] 42 U.S.C. § 126, *et seq.*

[2] N.Y.C. Admin. Code § 8-101, *et seq.*

[3] *See* KLMNI and YRB's Answer to Third Amended Complaint and Cross-claims against 483 Broadway and C&A [Docket No. 41]; 483 Broadway's Answer to Third Amended Complaint and Cross-claims against KLMNI, YRB, and C&A [Docket No. 45]; C&A's Answer to Third Amended Complaint and Cross-claims against 483 Broadway and KLMNI [Docket No. 47].

[4] *See* Third Party Complaint [Docket No. 21].

[5] *See* KLMNI's Answer to Third Party Complaint, Counterclaims against 483 Broadway and Cross-claims against C&A [Docket No. 28]; C&A's Answer to Third Party Complaint, Counterclaims against 483 Broadway and Cross-claims against KLMNI [Docket No. 38].

[6] *See* Notice of Voluntary Dismissal as to C&A [Docket No. 61]; Notice of Voluntary Dismissal as to 483 Broadway [Docket No. 63]; Notice of Voluntary Dismissal as to KLMNI and YRB [Docket No. 65].

third-party action without prejudice.[7] All that remains from this tangle of claims are 483 Broadway's cross-claims against KLMNI and YRB,[8] and KLMNI and YRB's cross-claims against 483 Broadway in the main action, and 483 Broadway's claims and KLMNI's counterclaims in the third-party action.

In the main action, 483 Broadway asserts cross-claims against KLMNI and YRB for contribution; common law indemnity; contractual indemnity; injunctive relief; attorneys' fees, disbursements, and costs; and breach of contract.[9] In the third-party action, 483 Broadway asserts claims against KLMNI for contractual indemnity and injunctive relief.[10]

In the main action, KLMNI and YRB assert cross-claims against 483 Broadway for contribution, common law indemnity, and breach of contract.[11] In the third-party action, KLMNI and YRB assert counterclaims against 483

---

[7] *See* Notice of Voluntary Dismissal as to C&A.

[8] While KLMNI and YRB are separately incorporated entities, they are both "doing business as" Yellow Rat Bastard; are represented by the same counsel; and have apparently identical interests in the main action. YRB is not a party to the third-party action.

[9] *See* 483 Broadway's Answer to Third Amended Complaint and Cross-claims against KLMNI, YRB, and C&A.

[10] *See* Third Party Complaint [Docket No. 21].

[11] *See* KLMNI and YRB's Answer to Third Amended Complaint and Cross-claims against 483 Broadway and C&A.

Broadway for breach of contract.[12]

The extant claims are all state law claims. The remaining parties are all New York corporations, thus there is no diversity of citizenship. This Court originally had federal question jurisdiction over the main action insofar as Hirsch sought relief under the ADA. However, with the dismissal of Hirsch's claims, the only remaining connection to federal law is the fact that the ADA gave rise to defendants' liability, which they now seek to partition amongst themselves through various counterclaims and cross-claims.

A federal district court "shall have" supplemental jurisdiction over state law claims that "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[13] However, a district court "may" decline to exercise supplemental jurisdiction over a claim if, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction."[14] A court

---

[12] *See* KLMNI's Answer to Third Party Complaint, Counterclaims against 483 Broadway and Cross-claims against C&A.

[13] 28 U.S.C. § 1367(a).

[14] *Id.* § 1367(c).

4

may consider *sua sponte* whether it has subject matter jurisdiction.[15]

In the instant case, where the parties have consented to dismissal of all federal question claims, leaving only state common law claims for contribution, indemnification, breach of contract, and attorneys' fees and costs, I see no reason to retain jurisdiction. Although the case was filed just over one year ago, the primary activity in the case thus far has been in the form of pleadings and settlement negotiations. Discovery is not complete, nor has the Court decided any motions or required the submission of a final pretrial order. The case can be remanded to state court without any loss in judicial efficiency. Thus, I decline to exercise supplemental jurisdiction over the state law claims and hereby remand this case to state court.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           July 7, 2011

---

[15] *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (overruled on other grounds by *City of Littleton v. Z.J. Gifts D-4, LLC*, 541 U.S. 774 (2004)) ("[t]he federal courts are under an independent obligation to examine their own jurisdiction"); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("it is the obligation of both district court and counsel to be alert to jurisdictional requirements").

## -Appearances-

**For Plaintiff:**

B. Bradley Weitz, Esq.
The Weitz Law Firm, P.A.
18305 Biscayne Blvd, Suite 214
Aventura, Florida 33160

**For Defendant/Third-Party Plaintiff 483 Broadway Realty Corp.:**

Kristine L. Grinberg, Esq.
Cornicello, Tendler & Baumel-Cornicello, LLP
Two Wall Street, 20th Floor
New York, New York 10005-2072

**For Defendants/Third-Party Defendants KLMNI, Inc. and YRB NYC, Inc.:**

Ilana R. Schwitzer, Esq.
1435 Coney Island Avenue
Brooklyn, New York 11230

**For Defendant/Third-Party Defendant C&A 483 Broadway, LLC:**

Jerry Montag, Esq.
Seyfarth Shaw L.L.P.
620 Eighth Avenue
New York, New York 10018-1405